

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00198-CR

———————————————

MISAEL NUNEZMARQUEZ, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court No. 1811304

---

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Misael Nunezmarquez attempts to appeal from his conviction for burglary of a habitation with intent to commit a sex offense. *See* Tex. Penal Code Ann. § 30.02(d). Appellant pleaded guilty to the offense in exchange for the State's waiving a second count and recommending a twelve-year sentence. The trial court sentenced Appellant in accordance with the plea recommendation. The trial court signed a certification of Appellant's right to appeal, in which it certified that this is "a plea-bargain case, and [appellant] has NO right of appeal." Appellant and his trial counsel signed the certification. Nonetheless, Appellant filed a notice of appeal.[1]

On June 17, 2024, we sent a letter to Appellant and his appointed counsel that informed him of the statement in the certification and that explained that unless he filed a response showing grounds for continuing the appeal by June 27, 2024, the appeal could be dismissed. *See* Tex. R. App. P. 25.2(a)(2), (d), 44.3. On June 28, 2024, the letter that we sent to Appellant was returned to us because he had been transferred to a new unit.

---

[1]Although Appellant mentioned a motion to suppress in his notice of appeal, and although the trial court's case detail shows that such a motion was filed, the case detail does not show that the motion was ever heard or ruled on. Moreover, as part of his plea admonishments Appellant waived a record of the plea proceeding, and our clerk's office confirmed with the court reporter that no record was taken at the plea hearing. Without a reporter's record of the plea and sentence hearings, Appellant cannot demonstrate that he did not waive his right to appeal any pretrial suppression motion ruling in open court as part of his plea bargain. *See Simmons v. State*, No. 01-17-00737-CR, 2018 WL 1003626, at *4 (Tex. App.—Houston [1st Dist.] Feb. 22, 2018, pet. ref'd) (per curiam) (mem. op., not designated for publication).

On July 23, 2024, we sent a letter to Appellant at his new address, as well as a letter to his appointed counsel, and informed him of the statement in the certification and that explained that unless he filed a response showing grounds for continuing the appeal by August 2, 2024, the appeal could be dismissed. *See* Tex. R. App. P. 25.2(a)(2), (d), 44.3. Appellant filed a response, but it does not show grounds for continuing the appeal. Thus, in accordance with the trial court's certification that Appellant has no right to appeal, we dismiss the appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *Carter v. State*, No. 02-15-00243-CR, 2015 WL 6394158, at *1 (Tex. App.—Fort Worth Oct. 22, 2015, no pet.) (per curiam) (mem. op., not designated for publication).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 22, 2024